IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

_____

|  |  |  |
|---|---|---|
| BRUCE W. PEARSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PRINCE WILLIAM COUNTY SCHOOL | ) | |
| BOARD | ) | Civil Action No. _____ |
| | ) | |
| SERVE: | ) | |
| Babur B. Lateef, M.D., Chairman At-Large | ) | |
| 14715 Bristow Road | ) | |
| Manassas, Virginia 20112 | ) | |
| Defendant. | ) | |

_____

## COMPLAINT

The Plaintiff, Bruce W. Pearson ("Mr. Pearson"), by counsel, hereby states the following

in support of his Complaint against the Defendant Prince William County School Board

("PWCSB"):

### Parties

1.      Bruce W. Pearson is a resident of the Commonwealth of Virginia.

2.      PWCSB is a local governmental entity located in the Commonwealth of Virginia.

3.      Mr. Pearson was employed by PWCSB and worked in the Commonwealth of

Virginia.

4.      Events referenced in this Complaint occurred in the Eastern District of Virginia,

specifically in Prince William County, Virginia.

5.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for

employment discrimination.  Jurisdiction is specifically conferred on the court by 28 U.S.C. §

1331, 28 U.S.C. § 1343 and 42 U.S.C. § 2000e-5.  Equitable relief and other relief are also brought under 42 U.S.C. § 2000e-5(g).

6.     Mr. Pearson filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging violations of Title VII of the Civil Rights Act of 1964, including violations based on race discrimination and retaliation on or about June 10, 2019.  See Charge of Discrimination attached hereto as Exhibit A.

7.     On or about September 10, 2019, Mr. Pearson received a Notice and Dismissal of Rights giving him notice he had ninety (90) days to commence a civil action in this Court.  See Notice and Dismissal of Rights attached hereto as Exhibit B.

<u>Factual Allegations</u>

8.     This matter arises from Mr. Pearson's employment with PWCSB.

9.     Mr. Pearson is an African American male.

10.     Mr. Pearson was employed by PWCSB from November 2005 until his termination on September 4, 2019. Mr. Pearson was employed as a high school teacher.

11.     Mr. Pearson performed all of his job duties in exemplary fashion, and was frequently referred to by PWCSB, through its agents and administrators, as a very good and even "phenomenal" teacher. At the time of his termination, Mr. Pearson taught six curriculums in programming, advanced programming, and economics, as well as supervised a student bank.

12.     In June 2018, Mr. Pearson first raised concerns regarding harassment and discrimination on the basis of his race and of his students by PWCSB, specifically to the school district's Compliance Officer. October 1, 2018, Mr. Pearson emailed administrators with PWCSB regarding the same, and never received a response.

13.     On November 25, 2018, Mr. Pearson filed a Charge with the Equal Employment

Opportunity Commission ("EEOC") regarding the same harassment and discrimination on the basis of his race and the race of his students. This specifically included PWCSB's refusal (via its agent, the principal of the school where Mr. Pearson was teaching) to allow transportation for Mr. Pearson's "at-risk" students to attend the Virginia Governor's Economics Challenge state championship after they won the regional competition in both 2017 and 2018.

14.     On January 7, 2019, Mr. Pearson sent an email to his direct administrator, again objecting to race-selective treatment regarding both him and his students and referencing his recent EEOC Charge, of which PWCSB asserted it was previously unaware.

15.     On January 8, 2019, directly in response to this email, PWCSB referred Mr. Pearson for a Fitness for Duty Evaluation ("Evaluation") and placed Mr. Pearson on administrative leave. In the referral for the Evaluation, PWCSB, through its agents, indicated that part of the reason for the referral was that Mr. Pearson alleged discrimination, and reflected that Mr. Pearson behaved normally in the classroom.

16.     Mr. Pearson met with Dr. Ronnie Zuessman on January 12, 19, and 26, 2019 for the purposes of the required Evaluation. While Mr. Pearson initially declined to sign the Evaluation Authorization Form on January 12th, he did so on January 19th.

17.     The result of the Evaluation, submitted to PWCSB on or about February 1, 2019, found Mr. Pearson "fit" to return to his regular duties, and he did so on February 14, 2019.

18.     Along with determining Mr. Pearson to be "fit," Dr. Zeussman's Evaluation results also included certain recommendations, which included that Mr. Pearson "demonstrate active engagement with psychiatric treatment."

19.     Ostensibly because Mr. Pearson had not yet scheduled an appointment with a mental health professional, despite the fact that Mr. Pearson had been found fit for duty, PWCSB

3

put Mr. Pearson back onto administrative leave on March 21, 2019.

20.     On March 25, 2019 Mr. Pearson attended a session with a psychotherapist recommended by Dr. Zeussman. Thereafter, Mr. Pearson continued in weekly therapy with the psychotherapist, Dr. Janice Fristad, until April 27, 2019.

21.     Before and while obtaining this treatment, Mr. Pearson informed administrators that he did not believe their actions were warranted and that their actions constituted continued discrimination on the basis of his race as well as retaliation for his prior objections to discrimination. Mr. Pearson filed another EEOC Charge based upon these actions on June 10, 2019.

22.     In June 2019, PWCSB administrators opined that Mr. Pearson's treatment did not comply with the recommendations of Dr. Zeussman, and despite the fact that Dr. Zeussman's Evaluation did not proscribe a particular course of treatment and had found Mr. Pearson fit for duty, recommended Mr. Pearson's termination. PWCSB voted in favor of the administrators' recommendation for termination on September 4, 2019.

23.     At all times up to and including the date of Mr. Pearson's termination, he consistently performed within, or exceeded, PWCSB's objective performance measures.

24.     Mr. Pearson has been discriminated against in the terms, conditions and privileges of his employment, and retaliated against, in violation of Title VII to the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq.*

## COUNT ONE – RACE DISCRIMINATION

25.     Mr. Pearson hereby incorporates the allegations contained in paragraphs 1-24 above.

26.     Mr. Pearson was subjected to demeaning and discriminatory conduct from PWCSB, by and through its agents and employees. Mr. Pearson was discriminated against on the basis of his race.

4

27.     42 U.S.C.S. § 2000e, *et. seq.* makes it unlawful to allow race to be a motivating factor for any employment practice.

28.     During the course of his employment, PWCSB, by and through its agents and employees, discriminated against Mr. Pearson in the terms, conditions and privileges of his employment in various ways, in substantial part because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.*

29.     The above described unwelcome race discrimination throughout his employment interfered with Mr. Pearson's physical and emotional well-being.

30.     As a result of the hostile, offensive and discriminatory behavior by PWCSB, and its agents and employees, and the failure of PWCSB to protect Mr. Pearson from such discrimination, Mr. Pearson suffered humiliation, emotional stress, and physical pain.

31.     PWCSB, through its agents and/or employees, failed to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act as described above with respect to the race discrimination suffered by Mr. Pearson.

32.     PWCSB failed to take all necessary and reasonable steps to eliminate race discrimination from the workplace and to prevent it from occurring in the future.

33.     As a further direct and proximate cause of PWCSB's violation of Title VII of the Civil Rights Act of 1964 as described above, Mr. Pearson has been compelled to retain the services of counsel in an effort to protect his rights with respect to work environment and hiring/firing practices maintained by PWCSB and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Mr. Pearson.

## COUNT TWO – RETALIATION

34.     Mr. Pearson hereby incorporates the allegations contained in paragraphs 1-33

above.

35.    Mr. Pearson was subjected to retaliatory conduct from PWCSB, by and through its agents and employees. Mr. Pearson was retaliated against when he was referred to a Fitness for Duty Evaluation as a direct result of his allegations of discrimination and alerting PWCSB to his previously-filed EEOC Charge.

36.    42 U.S.C.S. § 2000e, *et. seq.* makes it unlawful to discriminate against an employee because he has opposed an unlawful employment practice under that title, or made a charge under that title.

37.    From January through September 2019, PWCSB, by and through its agents and employees, retaliated against Mr. Pearson in the terms, conditions and privileges of his employment in various ways, due to Mr. Pearson's objection to PWCSB's discrimination on the basis of race and his filing an EEOC Charge regarding same, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.*

38.    The above described retaliatory conduct interfered with Mr. Pearson's physical and emotional well-being.

39.    As a result of the hostile, offensive, discriminatory and retaliatory behavior by PWCSB, and its agents and employees, and the failure of PWCSB to protect Mr. Pearson from such discrimination, Mr. Pearson suffered humiliation, emotional stress and physical pain.

40.    PWCSB, through its agents and/or employees failed to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act as described above with respect to the retaliation suffered by Mr. Pearson.

41.    PWCSB failed to take all necessary and reasonable steps to eliminate retaliation from the workplace and to prevent it from occurring in the future.

42.     As a further direct and proximate cause of PWCSB's violation of Title VII of the Civil Rights Act of 1964 as described above, Mr. Pearson has been compelled to retain the services of counsel in an effort to protect his rights with respect to work environment and hiring/firing practices maintained by PWCSB and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Mr. Pearson.

WHEREFORE, the foregoing premises considered, Bruce W. Pearson seeks judgment against the Defendant in an amount that will compensate him for:

1.     Violation of his rights under Title VII of the Civil Rights Act of 1964;

2.     Compensatory damages including lost wages, past and future and/or impairment of power to earn money; physical pain, emotional distress and humiliation, past and future;

3.     Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious and/or grossly negligent conduct;

4.     A permanent injunction against future acts of discrimination against Mr. Pearson by the Defendant;

5.     Costs expended herein, including reasonable attorneys' fees;

6.     Pre-judgment and post-judgment interest; and

7.     Any and all other relief to which he may be entitled.

TRIAL BY JURY IS HEREBY DEMANDED.

BRUCE W. PEARSON

By:_____/s/ Jason F. Zellman_____
                    Counsel

Jason F. Zellman, Esq., VSB #77499
SUROVELL ISAACS & LEVY PLC
4010 University Drive, Suite 200
Fairfax, VA 22030
Telephone 703.251.5400
Facsimile 703.591.9285
JZellman@SurovellFirm.com
Counsel for Mr. Pearson